IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN W. MILLER, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-0725 |
| v. | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, Commissioner of Social Security | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 9) and Plaintiff Jonathan W. Miller's Objections to the Magistrate Judge's Report and Recommendation (Doc. 10). The Magistrate Judge recommended that the Court deny Plaintiff's appeal of the Commissioner's decision. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's Objections. Accordingly, Plaintiff's appeal will be denied.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the

extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

To determine whether an individual is disabled for social security purposes, the Commissioner employs a five-step analysis.  The Commissioner must sequentially determine:  (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work.  20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence.  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion.  *Hartranft v. Apfel,*

181 F.3d 358, 360 (3d Cir. 1999).  Evidence is not substantial if it is overwhelmed by other evidence.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's appeal because: (1) the Magistrate Judge erred in utilizing an incorrect standard of review; (2) the Magistrate Judge erred in concluding that the doctrine of res judicata did not apply to the disability determination; and (3) the Magistrate Judge erred in concluding that the ALJ did not engage in medical analysis contrary to the medical evidence of record.  As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

## I.     The Proper Standard of Review Was Applied

Plaintiff first argues that the Magistrate Judge incorrectly states the standard of review, noting that the Magistrate Judge cited the substantial evidence standard while Plaintiff's appeal is largely devoted to the ALJ's failure to apply the doctrine of res judicata.  The Court rejects Plaintiff's argument.

First, Plaintiff did in fact argue to the Magistrate Judge that the ALJ's decision was contrary to the medical evidence. (*See* Doc. 1 ¶ 14. b.)  The substantial evidence standard is thus relevant to Plaintiff's appeal and was properly noted by the Magistrate Judge.  Second, the Magistrate Judge correctly applied the legal standard as to the issue of res judicata, which is set forth in 20 C.F.R. §§ 404.957(c)(1) and 416.1457(c)(1). (*See* Doc. 9 at 13.)  As such, the Magistrate Judge committed no error.  The Court will overrule Plaintiff's first objection.

**II.     The Doctrine of Res Judicata Does Not Apply**

Plaintiff next contends that the doctrine of res judicata applies to his 1996 disability determination.  Plaintiff was found to be disabled and awarded benefits in 1996.  Plaintiff asserts that there is no evidence that his impairments, which formed the basis of the 1996 disability determination, have improved, and thus the doctrine of res judicata requires that he be found disabled for the period of time since 1996.  The Court disagrees.

The Hearings, Appeals and Litigation Law Manual ("HALLEX") provides that res judicata is not applicable when there has been a change in the issues or the prior determination is not administratively final. HALLEX § I-2-4-40 (C).  An ALJ may not apply the doctrine of res judicata when there has been a change in a statute, regulation, ruling or legal precedent which was applied in the previous decision. HALLEX § I-2-4-40 (K). The regulations concerning how musculoskeletal impairments are to be evaluated were revised on November 19, 2001, and became effective on February 19, 2002.  *Id.*  "The musculoskeletal listings have been so extensively revised that, while they are not in general, less restrictive, the "issues" are different and include the use of functional criteria to indicate listing level severity." *Id.*  Therefore, a new determination should be prepared for all subsequent claims involving a musculoskeletal impairment if the prior claim was denied before February 19, 2002. *Id.*  Plaintiff's July 24, 1996 disability determination thus is not to be given res judicata effect.  Plaintiff's second objection will be overruled.

**III.     The ALJ Did Not Engage in Medical Analysis**

Finally, Plaintiff asserts that, in finding him not disabled, the ALJ erred by engaging in medical analysis contrary to the medical evidence.  As the Magistrate Judge concluded, the Court finds that the ALJ did not engage in medical analysis contrary to the medical evidence.  Rather, the ALJ engaged in a credibility determination.

The ALJ is charged with the duty of observing a witness' demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  An ALJ's findings as to the credibility of the claimant are to be accorded great weight and deference. *Id.* Unless a claimant's subjective testimony is supported by competent medical evidence, an ALJ can reject such claims if he does not find them credible. *Schaudeck v. Comm'r Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999).

Here, the ALJ found that Plaintiff's subjective complaints and limitations were "overstated," noting, inter alia, that Plaintiff takes care of his own bathing, grooming, dressing (R. at 277), mows the lawn (R. at 75), can carry grocery bags (*Id.*), and needs no assistance walking (R. at 76).  The ALJ considered the medical diagnoses and opinions of Plaintiff's, as well as the state agency, physicians. (R. at 14-15.)  The ALJ noted the MRIs, CT scans and x-rays performed on Plaintiff. (*Id.*)  The ALJ also observed the absence of clear signs of prolonged pain, such as weight loss, an altered gait or limited range of motion, local morbid changes, or poor coloring or station. (R. at 16.)  The ALJ's mere observation of the absence of these symptoms, in itself, is not medical analysis.  Rather, this observation simply factored into the ALJ's consideration of all of the medical evidence of record.  As such, the ALJ did not engage in medical analysis

contrary to the medical evidence. Moreover, the ALJ's conclusions that Plaintiff's "complaints are inconsistent with the clinical and diagnostic findings of record," and that Plaintiff was not disabled, are supported by substantial evidence of record. Accordingly, the Court will overrule Plaintiff's final objection.

## CONCLUSION

After careful consideration, the Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 9). Therefore, Plaintiff's appeal of the Commissioner's decision will be denied. An appropriate Order follows.


 March 22, 2007                                                        /s/ A. Richard Caputo
Date                                                                            A. Richard Caputo
                                                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN W. MILLER,  Plaintiff,  v.  MICHAEL J. ASTRUE, Commissioner of Social Security  Defendant. | CIVIL ACTION NO. 3:06-CV-0725  (JUDGE CAPUTO) |

## ORDER

**NOW**, this  22nd  day of March, 2007, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 9), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 10) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 9) is **ADOPTED**.

(3) Plaintiff's appeal of the Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case as **CLOSED**.


 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge